UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| KENNY MICHAEL HICKS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  2:23-CV-102-DCLC-CRW |
| SULLIVAN COUNTY SHERIFF'S OFFICE, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM & ORDER

Plaintiff, an inmate incarcerated in the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and a motion for relocation [Doc. 5]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **DENIED as moot**, Plaintiff's motion regarding relocation [Doc. 5] will be **DENIED**, and Plaintiff will have fifteen (15) days from the date of entry of this order to file an amended complaint.

### I.   FILING FEE

As Plaintiff has paid the filing fee, his motion for leave to proceed *in forma pauperis* [Doc. 4] is **DENIED as moot**.

### II.   MOTION FOR RELOCATION

Plaintiff has filed a motion requesting that the Court order his relocation to a different facility or placement on house arrest [Doc. 5 p. 1]. In support of this request, Plaintiff states that "[his] documents are not being returned[,] [and his] release date was just changed from 10/01/23 to 05/02/24 without explanation" [*Id.*]. He further claims that "[his] ability to contact any outside

attorneys ha[s] been severely reduced[,] [and his] ability to gain trustee has been removed as well" [*Id.*].

However, Plaintiff does not have a constitutional right to be housed in a certain facility. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) ("A prisoner has no inherent constitutional right to be housed in a particular institution") (citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976)). And Plaintiff has not set forth extraordinary circumstances that would justify the Court's intervention into the administrative decision of where to house him. *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations").

Accordingly, Plaintiff's motion for relocation [*Id.*] is **DENIED**.

### III. COMPLAINT SCREENING

#### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

### B. Allegations

Unspecified jail officials moved Plaintiff "into Day Room B Cell 16" [Doc. 1 p. 3]. In that cell, Plaintiff was "denied privileges that are granted to every other inmate [i]n the Sullivan County Jail without cause for punishment" and locked down [*Id.* at 3–4]. Plaintiff "repeatedly asked to be moved out of segregation and into population" [*Id.* at 4]. But jail officials only moved Plaintiff after three inmates attacked him on June 11, 2023 [*Id.*].

A few weeks later, an inmate sprayed Plaintiff in the left eye with an unknown chemical agent at 1:40 p.m. [*Id.* at 4]. Plaintiff notified unspecified correctional officers immediately and asked to be taken to the nurse every thirty minutes when officers came by [*Id.*]. Also, when the shift changed at 7 p.m., Plaintiff notified those officers of the incident [*Id.*]. Plaintiff additionally filed multiple grievances and sick call forms regarding this incident, but those "have been ignored" [*Id.*]. Plaintiff is "now partially blind [i]n [his] left eye" [*Id.*].

Plaintiff also notified unspecified officers that "inmates in Kilo" were planning to attack him on a certain day, but the "officers ignored [him] and allowed the attack to take place and then moved [him] to Day Room B, Cell 16" [*Id.*]. Also, the next morning, "officers moved the inmate who attacked [Plaintiff] into the Day Room B with [him] to be attacked again" [*Id.*].

That same day, unspecified jail officers moved Plaintiff "to Tank 5," at which point he was "placed on lockdown [] [and] not allowed any privil[][e]ges" [*Id.* at 4–5]. The next day, two other inmates, specifically Shane Corker and Michael Hodge, joined Plaintiff in Tank 5, at which point the three of them were denied privileges and only received fifteen minutes per day to call home, shower, and/or use the kiosk [*Id.* at 5]. This continued for five days [*Id.*].

Unspecified jail officials then placed Plaintiff, Shane Corker, and Michael Hodge in Day Room B, even though none of them had a disciplinary write up [*Id.*]. In this placement, the three inmates have restricted privileges and officers tell them that they cannot be moved because there is no cell to house them [*Id.*]. The three inmates have asked every shift to move them and restore their privileges, but unspecified jail officers tell them that no pod can have inmates moved into it [*Id.*].

Plaintiff has sued only the Sullivan County Sheriff's Office [*Id.* at 1, 3]. As relief, Plaintiff seeks "immediate release," payment for pain and suffering, and "mental health care covered if necessary" [*Id.* at 6].

### C. Analysis

First, while Plaintiff has named the Sullivan County Sheriff's Department as a Defendant, this is not a suable entity under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit

4

Case 2:23-cv-00102-DCLC-CRW   Document 7   Filed 01/04/24   Page 4 of 8   PageID #: 31

under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). And Plaintiff does not plausibly allege that any act alleged in the complaint resulted from a custom or policy of Sullivan County, such that it could state a claim against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Further, none of Plaintiff's claims regarding the conditions of his confinement during his different cell placements allow the Court to plausibly that these conditions resulted in an extreme deprivation of a life necessity, such that they violated his Eighth Amendment rights. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (providing that allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable Eighth Amendment conditions-of-confinement claim (citations and quotations omitted)).

Moreover, to the extent that Plaintiff seeks to assert the rights of other inmates, specifically Shane Corker and Michael Hodge, he cannot do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). And while Plaintiff also lists these inmates as Plaintiffs herein at one point in the complaint [*Id.* at 3], it does not appear that either of these inmates seeks to purse this action jointly with Plaintiff, as neither of them signed the complaint. Fed. R. Civ. P. 11(a) (requiring that a party not represented by counsel personally sign "[e]very pleading, written motion, and other paper"). Nor would the Court allow these inmates to proceed jointly herein with Plaintiff. *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *6 (D.N.J. June 23, 2008) (noting that courts have recognized that prisoners are "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances," such as the requirement for exhaustion of administrative remedies, the need for

5

each plaintiff to sign each paper filed with the Court, and other things, "make joint litigation exceptionally difficult."); *see also McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (noting that there are "'pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder'" even where Rule 20(a) permits it, including the "'need for each plaintiff to sign every [letter, motion, and] pleading, and the consequent possibilities that documents may be changed as they are circulated . . . . ,'" as well as the fact that prisoner litigants are "notably transitory") (citations omitted).

Nevertheless, as it appears that Plaintiff could state a plausible § 1983 claim based on his allegations regarding jail officers' (1) failure to protect him from an attack from other inmates despite him warning them that the attack was coming and (2) failure to provide him assistance after he notified them of an inmate spraying him in the eye with a chemical agent, the Court will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint . . . .").

However, the Court also notes that Plaintiff's claims that certain jail officials failed to protect him from an attack and other (presumably different) jail officials later failed to respond to his requests for assistance with his eye after an inmate sprayed a chemical into it arise out of events

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

that are unrelated to each other. But such unrelated claims against different Defendants would not be properly joined in any amended complaint Plaintiff files under Rule 20(a)(2).

Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person— say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit).

As such, Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in any amended complaint he files, the Court will presume that

he intends to proceed as to his first listed claim, and the Court will **DISMISS** any other misjoined claims without prejudice.

IV.  **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **DENIED as moot**;

2. Plaintiff's motion for relocation [Doc. 5] is **DENIED**;

3. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

4. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

5. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

6. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

s/Clifton L. Corker  
United States District Judge