UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KENNY MICHAEL HICKS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:23-CV-102-DCLC-CRW |
| SULLIVAN COUNTY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se action for violation of § 1983. On March 11, 2024, the Court entered a memorandum and order screening Plaintiff's amended complaint, allowing the amended complaint to proceed against Defendant Sullivan County, providing Plaintiff twenty-one days to return a completed service packet for Defendant to the Court, and notifying Plaintiff that failure to comply with that memorandum and order would result in dismissal of this action without further notice [Doc. 9]. Subsequently, on March 26, 2024, Plaintiff filed a notice of change of address [Doc. 10]. Accordingly, on March 27, 2024, the Clerk mailed the Court's previous order to Plaintiff at his updated address. However, more than a month has passed since the Clerk mailed Plaintiff the Court's previous order to his updated address, and Plaintiff has not returned a completed service packet to the Court. Accordingly, for the reasons set forth more fully below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on

defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this case is due to his willfulness or fault. Specifically, it appears that Plaintiff received the Court's previous order at his updated address but failed to respond. As to the second factor, Plaintiff's failure to comply with the Court's order has not prejudiced Defendant. As to the third factor, as the Court noted above, the Court has warned Plaintiff that failure to timely comply with the Court's order would result in this action being dismissed. Finally, as to the fourth factor, the Court finds that alternative sanctions are not appropriate, as Plaintiff has failed to comply with the Court's clear instructions, and it does not appear that he seeks to prosecute this action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating the Court as to his current address, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge
